UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

PHILLIP JEROME GARDNER,                            :
                                                                          :
                                  Plaintiff,                          :
                                                                          :
                    - against -                                       :
                                                                          :
CORRECTIONS OFFICER DADDEZIO          :
and SGT. HALLER,                                            :
                                                                          :
                                  Defendants.                      :

------------------------------------------------------------X

**ORDER**

**07 Civ. 7201 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

On August 13, 2007, Phillip Jerome Gardner filed the above-

captioned action and was granted permission to proceed *in forma pauperis*.  On

September 17, 2007, the Court denied Gardner's motion to appoint counsel (the

"September 17 Order").  The Court later denied Gardner's motion for

reconsideration of the September 17 Order.[1]  Subsequent to these denials, Gardner

continued to file applications for the appointment of counsel, most recently on

June 10, 2008.[2]  The Court will treat the applications as motions for

------

[1]    *See* 11/5/07 Order Denying Motion for Reconsideration.

[2]    Local Rule 6.3 requires that a motion for reconsideration "shall be
served within ten (10) days after the entry of the court's determination of the
original motion."  Because Gardner is a pro se plaintiff, the Court waives this
requirement.

reconsideration of the September 17 Order.

"The standard for granting such a motion is strict, and reconsideration

will generally be denied unless the moving party can point to controlling decisions

or data that the court overlooked – matters, in other words, that might reasonably

be expected to alter the conclusion reached by the court."[3]  Reconsideration is an

"extraordinary remedy to be employed sparingly in the interests of finality and

conservation of scarce judicial resources."[4]  A motion for reconsideration is not a

substitute for appeal.[5]  Nor is it "a 'second bite at the apple' for a party dissatisfied

with a court's ruling."[6]

Gardner has not presented any new information or argument that

warrants this Court revisiting its earlier decision.  Therefore, Gardner's motion for

---

[3]      *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).
*Accord In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003); *Eisemann v. Greene*,
204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must
demonstrate that the Court overlooked controlling decisions or factual matters that
were put before it on the underlying motion." (quotation marks omitted)).

[4]      *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614
(S.D.N.Y. 2000) (quotation marks omitted).

[5]      *See RMED Int'l v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292,
296 (S.D.N.Y. 2002).

[6]      *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7481, 2004 WL
1794504, at *2 (S.D.N.Y. Aug. 10, 2004). *Accord Shrader*, 70 F.3d at 257 (stating
that a court should deny a motion for reconsideration when the movant "seeks
solely to relitigate an issue already decided").

-2-

reconsideration is denied.  The Court, however, may review Gardner's application once again following the decision on defendants' motion for summary judgment.


SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            June 16, 2008

## - Appearances -

**Plaintiff (Pro Se):**

Phillip Jerome Gardner
(# 00-A-1955)
Great Meadow Correctional Facility
Box 51, Route 22
Comstock, NY 12821

**For Defendants:**

Steven Neil Schulman, Esq.
New York State Office of the Attorney General
120 Broadway
New York, NY 10271
(212) 416-8654
Fax: (212) 416-6009